**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21590-CIV-MARTINEZ**

TIEN THANH NGUYEN,

Petitioner,

v.

GARRETT RIPA, Director, Miami Field Office,

Respondent.
_______________________________________/

**ORDER**

**THIS CAUSE** comes before the Court on Petitioner Tien Thanh Nguyen's Motion for Attorneys' Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed June 26, 2026, ("Motion"). [ECF No. 16]. Respondent failed to file a response, and the time to do so has long passed. For the following reasons, the Motion is **GRANTED**.

The Court first addresses Respondent's failure to respond to the Motion, in violation of the Southern District of Florida's Local Rules. Under the Local Rules, "each party opposing a motion shall serve an opposing memorandum of law not later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c). While Petitioner's Motion could be granted on this basis alone, it also succeeds on the merits.

Under the EAJA, a party may recover an award of attorneys' fees against the Government provided that the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint

was filed; (4) the position of the Government was not substantially justified; and (5) there are no special circumstances that would make the award unjust. *See* 28 U.S.C. § 2412(d).

First, Petitioner is the prevailing party. The Court granted his habeas petition [ECF No. 1], and ordered that he be immediately released. (*See* March 30, 2026 Order [ECF No. 13]). This constitutes relief on the merits and a material alteration of the parties' legal relationship. *See Marroquin v. Noem*, No. 26-CV-60229, 2026 WL 1458520, at *1 (S.D. Fla Apr. 16, 2026) (finding that the petitioner was a prevailing party because the court granted his habeas petition and ordered that he be afforded a substantive bond hearing or be released within seven days) (citing *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1376 (11th Cir. 2022).

Second, the Motion is timely. "An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry." *De La Caridad Brito v. Saul*, No. 19-cv-22911, 2020 WL 7248247, at *1 (S.D. Fla. Nov. 9, 2020). *Cf. Singleton v. Apfel*, 231 F.3d 853, 855 n.4 (11th Cir. 2000) ("EAJA applications must generally be filed within 90 days of judgment being entered by a district court."). The Court issued final judgment in favor of Petitioner on April 2, 2026 [ECF No. 15], and Petitioner filed the instant Motion 85 days later, on June 26, 2026 (*see* Mot.). Petitioner also included an itemized justification for the amount sought with his Motion. (*See* Billing Records [ECF No. 16-1] 15–25). As the Motion was filed within 90 days of the Court's entry of final judgment, it is timely.

Third, Petitioner satisfied the net worth requirement. He submitted a sworn declaration confirming that his net worth has never exceeded $2,000,000, and assigning any fee award to his counsel. (*See* Declaration of Tien Thanh Nguyen [ECF No. 16-1] 2–3 ¶¶ 3, 6–7).

Fourth, Respondent has failed to show that its position was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A), (d)(2)(D); *INS v. Jean*, 496 U.S. 154, 158–60 (1990). Respondent offers

no justification for the conduct that gave rise to this litigation. *Jean* makes clear that a single failure to establish substantial justification "operates as a one-time threshold for fee eligibility." 496 U.S. at 160.

Fifth, no special circumstances have been identified that would make an award unjust.

Finally, the requested fees are reasonable. The hourly rate of $261.28 for Petitioner's Counsel is consistent with the EAJA cost-of-living adjustment for 2025. Petitioner seeks compensation for 61.2 hours of attorney work. (*See* Mot. 10–11). I have reviewed Counsels' Declarations and billing records. (Declaration of Kim Radcliffe [ECF No. 16-1] 5–7; Declaration of Jessica K. Hew [ECF No. 16-1] 8–10; Declaration of Philip Kelly [ECF No. 16-1] 11–13; Billing Records). The hours expended are reasonable given the urgency of habeas litigation, the evolving statutory landscape, and the Government's shifting and abbreviated filings. Time spent preparing the EAJA motion is also compensable. *See Jean*, 496 U.S. at 163–65.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

1. Petitioner's Motion for Attorneys' Fees [ECF No. 16] is **GRANTED**.
2. Petitioner is awarded **$15,990.34** in attorneys' fees, payable to Petitioner but subject to the valid assignment on file and any offset permitted by law.
3. A judgment will be separately entered.

**DONE AND ORDERED** in Miami, Florida, this 20 day of July 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record